## MARION SHANNON v. THE STATE.

*No. 2795.    Decided January 11.*

**Practice.**—An **Unpardoned Ex-Convict** on trial for crime is, under the Act of April 4, 1889, competent to testify as a witness in his own behalf.

APPEAL from the District Court of Hill.    Tried below before Hon. J. M. Hall.

The conviction was for felony theft, and the penalty assessed was a term of four years in the penitentiary.

*J. M. Johnson,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—On the trial below the appellant proposed to testify as a witness in his own behalf.    Objection to his being allowed to testify was made by the prosecution upon the ground that he was an ex-convict, who had served a term in the penitentiary for crime, and had never been pardoned.    This objection was sustained by the court, and the ruling is the error mainly complained of on this appeal.    The Assistant Attorney-General confesses that the ruling is erroneous.    By provision of the Act of April 4, 1889, "*Any* defendant in a criminal action shall be permitted to testify in his own behalf therein."    Gen. Laws, 21 Leg., p. 37.

This identical question here presented came before us at the last Tyler Term in the case of Williams v. The State, and we held, and still hold, that under that statute an unpardoned convict can testify in his own behalf in any criminal action against him.

Judgment is reversed and cause remanded.

*Reversed and remanded.*

Hurt, J., absent.